UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA A. McGREGOR,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WASHINGTON MUTUAL<br>BANK, et al.,<br><br>　　　　　Defendants. | Case No. SACV 12-784 RNB<br><br>ORDER TO SHOW CAUSE |

　　　Plaintiff alleges in ¶ 17 of the Complaint that "[t]he court has jurisdiction under 28 U.S.C. § 1331 (federal question); 15 U.S.C. § 1601, et seq. (TILA); 15 U.S.C. § 1692, Fair Debt Collection Practices Act; 12 U.S.C. § 2601 (RESPA); 28 U.S.C. § 1367 (Supplemental Jurisdiction); and the Home Ownership and Equity Protection Act ("HOEPA"), 12 U.S.C. § 1461, et seq." However, none of plaintiff's four causes of action purports to be for violation of TILA, the Fair Debt Collection Practices Act, RESPA, or HOEPA.

　　　Moreover, although plaintiff further alleges in ¶ 18 of the Complaint that "[t]his court also has jurisdiction under all applicable federal jurisdiction involving financial institutions involved in the mortgage fraud area such as the Mortgage Fraud Act under 18 U.S.C. § 1006 (2007), 18 U.S.C. § 1006 is a criminal statute that has been held not to give rise to a private civil cause of action. See Federal Sav. and

1

Loan Ins. Corp. v. Reeves, 816 F.2d, 130, 137-38 (4th Cir. 1987).

     Further, based on plaintiff's allegations in ¶¶ 7, 15, and 16 of the Complaint, it appears to the Court that the Central District of California is not the proper venue for this action even if subject matter jurisdiction does lie.

     Plaintiff therefore is ordered, on or before June 4, 2012, to either (a) voluntarily dismiss this action, (b) file an amended complaint that rectifies the foregoing pleading deficiencies, or (c) show cause in writing (i) why this action should not be dismissed for lack of subject matter jurisdiction, and (ii) even if subject matter jurisdiction does lie, why this action should not be dismissed for improper venue. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

DATED: May 16, 2012

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE